Stanley A. Silversteen, Cincinnati, and Maple & Maple, Lebanon, for relator.

C. Donald Dilatush, Lebanon, for respondent.

## STATE ex SILVERSTEEN v HUFFORD

Ohio Appeals, 1st Dist, Warren Co

No 177. Decided June 12, 1935

## OPINION

By HAMILTON, J.

The question is presented here on the proposition that the writ should not be granted, for the reason that the relator has an adequate remedy at law in the premises.

Were this court to grant the writ, the respondent, the sheriff of Warren County, would be put in the position of being required to violate the order and decree of the Common Pleas Court, thereby placing himself in contempt of court.

To the order of the Common Pleas Court, ordering the sheriff not to sell the property, the relator in the action in the Common Pleas Court would have the right to reserve an exception and prosecute error under favor of §12258, GC, which defines a final order. The Supreme Court has held

that a judgment which is reviewable is defined by the statute. In defining final orders, §12258, GC, provides what is a final order: "An order affecting a substantial right in an action, * * * or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed as provided in this title."

The order of the Court of Common Pleas, ordering the sheriff not to proceed with the sale of the property in question was upon a summary application in an action after judgment, and was, therefore, subject to review.

It is clear that to grant the writ to the relator, the court would have to review the order of the Common Pleas Court. It may be the order was entered without authority, or was erroneously entered. It follows, nevertheless, that we would have to review this judgment to determine whether that order was of any force or effect. This could only be done by petition in error. It is a well-established rule of law that a writ of mandamus will not issue where there is a plain, adequate remedy at law.

Finding the relator has an adequate remedy at law, the writ is refused.

ROSS, PJ, and MATTHEWS, J, concur.